Charles Oren ANDERSON,
Plaintiff–Appellant,

v.

Ron ANGELONE, et al.,
Defendant–Appellee.

No. 94–15319.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1996.

Decided June 20, 1996.

Barry L. Breslow, Robison, Belaustegui, Robb & Sharp, Reno, Nevada, for plaintiff-appellant.

Susan B. Weingarten, Deputy Attorney General, Las Vegas, Nevada, for defendant-appellee.

Before: HALL and BRUNETTI, Circuit Judges, and WEINER, District Judge.*

CYNTHIA HOLCOMB HALL, Circuit Judge:

Charles Oren Anderson, a minister of the Universal Life Church, sued under 42 U.S.C. § 1983 to challenge three Department of Prisons Administrative Regulations which forbade him from leading a congregation of inmates. The district court dismissed Anderson's action, finding that it did not state a claim under the First Amendment as set forth in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Anderson appealed, contending: (1) that the district court treated the government's motion to dismiss as a motion for summary judgment without explaining how motions for summary judgment operate; (2) that the district court erred in any event by dismissing his claim under *Turner;* and (3) that the district court should address his claim under the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb et seq. In response, the Prison Director Ron Angelone argues that RFRA is unconstitutional as it violates both the Establishment Clause and the separation of powers doctrine. We reverse on the first ground raised by Anderson.

## I.

Charles Anderson is an inmate at the Southern Desert Correctional Center in Nevada. On March 1, 1993, he was ordained a

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

minister by the Universal Life Church of Modesto, California, and has since formed his own church, called the Most Holy Temple of God. When Anderson sought permission to form and lead his own congregation, Ron Angelone, the Prison Director, denied his request. Angelone explained that Administrative Regulations 810, 811, and 812 prevented inmate-led religious services, but that Anderson was free to assist the prison chaplain in his services.

Regulation 810 provides that "[t]he institution should allow adequate times and places for religious activities" and defines "religious activities" as those "conducted by or under the auspices of the [prison] Chaplain." Regulation 811 authorizes the Chaplain to develop religious programs and makes him "responsible for all religious programs in the institution." Regulation 812 states that the prison "may provide worship opportunities for the inmates on a voluntary basis" but defines "worship" as "an activity *conducted by or under the auspices of the Chaplain.*" Taken together, these Regulations appear to prohibit inmate-led religious services.

Anderson, acting pro se, challenged these Regulations in District Court under 42 U.S.C. § 1983, alleging that they abridged his free exercise rights under the First Amendment. The defendants moved to dismiss Anderson's action under Federal Rule of Civil Procedure 12(b)(6); with their motion, they submitted an affidavit prepared by Angelone which incorporated a copy of the challenged Regulations. Before the district court ruled on the motion, Congress enacted the Religious Freedom and Restoration Act, 42 U.S.C. §§ 2000bb et seq. The district court then dismissed Anderson's First Amendment claims. This timely appeal followed.

The district court had jurisdiction under 28 U.S.C. § 1343 and we have jurisdiction under 28 U.S.C. § 1291.

## II.

Anderson first argues that the district court considered the Angelone affidavit submitted with the government's motion to dismiss; in so doing, he contends, the court effectively granted a motion for summary judgment. Because a court that converts a motion to dismiss into one for summary judgment is obligated to explain the conversion to pro se prisoner litigants, Anderson concludes, the district court's failure to do so in this case warrants reversal. After reviewing de novo this grant of summary judgment, we agree. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996).

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials. Fed. R.Civ.P. 12(b)(6);[1] *Jackson v. Southern California Gas Co.,* 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."); *cf. North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 582 (9th Cir.1983) ("[A] motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly excluded."). Here, the district court in its order expressly relied upon the Regulations, which appear nowhere in the record except appended to Angelone's affidavit, in reaching its conclusion that the Regulations are reasonably related to "legitimate penological interests." The court thus converted the defendant's motion to dismiss into one for summary judgment.

"When the district court transforms a dismissal into a summary judgment proceeding, it must inform a plaintiff who is proceed-

---

1. In full relevant part, Rule 12(b) reads:

   If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall

   be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
   Fed.R.Civ.P. 12(b).

ing pro se that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material." *Lucas v. Department of Corrections,* 66 F.3d 245, 248 (9th Cir.1995) (citing *Garaux v. Pulley,* 739 F.2d 437 (9th Cir.1984)). If the pro se litigant is a prisoner, the district court's duties are even greater: "The District courts are obligated to advise prisoner pro per litigants of Rule 56 requirements." *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir.1988). This requires the district court to tell the prisoner about his "right to file counter-affidavits or other responsive materials and [to] alert[ ] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him." *Jacobsen v. Filler,* 790 F.2d 1362, 1365 n. 8 (9th Cir.1986) (mentioning but not fully adopting heightened standard for prisoner pro se cases); *Klingele,* 849 F.2d at 411 (adopting heightened standard in Ninth Circuit). The district court in this case gave no such advice.

■ We are not persuaded that the above-cited cases pertain only to the situation where a court consciously grants summary judgment on pleadings that requested a motion to dismiss, *see Garaux,* 739 F.2d 437 (defendant moved for dismissal but court granted summary judgment *sua sponte* ); *McElyea v. Babbitt,* 833 F.2d 196, 200 (9th Cir.1987) (same)—and not to the situation in this case, where the court never consciously acknowledged that it was granting anything other than a motion to dismiss. While it is true that no case has yet held that *Klingele* applies to a district court purporting to grant a motion to dismiss but actually granting summary judgment, we conclude that it must. If it did not, the protection afforded by *Klingele* would evaporate whenever a district court failed to recognize that it had converted a defendant's motion to dismiss into one for summary judgment by relying on materials outside the pleadings. We will not allow *Klingele* to be applied only to those pro se litigants whose district court judges recognize the significance of their actions.

As a result, we hold that a district court which transforms a motion to dismiss into a motion for summary judgment by relying on materials outside the pleadings must always provide a pro se prisoner litigant the notice specified in *Klingele,* regardless of what the court calls its order dismissing the case. Because Anderson never received proper notice, we REVERSE.[2]

---

**2.** Because we reverse on this ground, we need not—and indeed cannot—reach the merits of the

parties' First Amendment claims.