92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jean-Paul BARRETT, Plaintiff-Appellant,
v.
Sam SUBLETT; Major Soulvie; Ed Fiser, Major; George
Cornveaux; CSO Minor; Bill Dzeadura; Ann Reeder; Lt.
Moen; Abe Kakar; Sgt. Pickard; Ann Zimmerman;
Investigator Lacky; OCS Sabitini; Juli Buck; Sergeant
Streeper, Defendants-Appellees.
 No. 95-17172.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jean-Paul Barrett, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of Barrett's 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his safety when they refused to place him in protective custody after he was stabbed, beaten, and threatened by members of a prison gang. Barrett sought an injunction compelling prison officials to place him in protective segregation. We have jurisdiction under 28 U.S.C. § 1291[1] and we vacate and remand for further proceedings.
 
 
 3
 Barrett contends that the district court erred by dismissing his action prior to issuance and service of process. We agree.
 
 
 4
 "If in reviewing whether a complaint states an arguable claim, the district court considers matters outside the pleadings, the dismissal is in fact a summary judgment pursuant to Fed.R.Civ.P. 56." Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam) (citations omitted). When a dismissal is transformed into a summary judgment proceeding, the district court "must inform a plaintiff who is proceeding pro se that it is considering more than the pleadings, and must afford a reasonable opportunity to present all pertinent material." Id. Moreover, if the litigant is a pro se prisoner, the district court must give affirmative notice of the need to submit responsive evidence to ward off summary judgment under Fed.R.Civ.P. 56. Anderson v. Angelone, 86 F.3d 932, 935 (9th Cir.1996); Arreola v. Mangaong, 65 F.3d 801, 802 (9th Cir.1995).
 
 
 5
 Here, prior to issuance and service of process, the district court found that
 
 
 6
 [s]ince filing his complaint and his petition, the prison has conducted an internal investigation into plaintiff's allegations. A hearing was held and plaintiff's request for transfer to protective segregation has been granted. He is currently in a temporary protective segregation unit and will be transferred to a permanent protective segregation unit as soon as space is available.
 
 
 7
 The district court then dismissed Barrett's action because Barrett "received the only relief requested in his complaint."
 
 
 8
 Because the district court dismissed Barrett's action based on information outside of the pleadings, the court transformed the dismissal into a summary judgment ruling. See Lucas, 66 F.3d at 248. Accordingly, Barrett was entitled to "explicit notice from the district court regarding the possibility of summary judgment," and "a reasonable opportunity to submit responsive evidence." Id. The district court must also advise Barrett of the requirements and consequences of Fed.R.Civ.P. 56. See Anderson, 86 F.3d at 935. Upon remand, the district court should consider Barrett's request to file an amended complaint to request damages in light of the liberal amendment policy of Fed.R.Civ.P. 15(a). See Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.1987).
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Barrett filed and served a timely post-judgment motion for reconsideration, which we construe as a motion to amend the judgment under Fed.R.Civ.P. 59(e), his notice of appeal to this court is timely. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989)