97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MACIEL, Plaintiff-Appellant,
v.
James H. GOMEZ, individually and as Director of the
Department of Corrections, State of CA; Diane Butler,
individually and as Chief of Classification Services,
Sacramento, CA; Unknown Alexander, individually and as
Classification Staff Representative, Sacramento, CA;
Unknown Becker, individually and as Classification Staff
Representative, Sacramento, CA; Jack R. Reagan,
individually and as Chief Inmate Appeals, Sacramento, CA;
R. Munoz, individually and as Appeals Examiner, Sacramento,
CA; Art Calderon, individually and as Warden of the
California Rehabilitation Center, Norco, CA; Mark Lary,
individually and as Associate Warden (Acting) and as
Classification and Parole Representative for the California
Rehabilitation Center, Norco, CA; R. Castro, individually
and as Associate Warden of the California Rehabilitation
Center, Norco, CA; N. Law, individually and as Associate
Warden of the California Rehabilitation Center, Norco, CA;
P. Underwood, individually and as Program Administrator of
the California Rehabilitation Center, Norco, CA; D. Harris,
individually and as Program Administrator of the California
Rehabilitation Center, Norco, CA; Robert Tafolla,
individually and as Appeals Coordinator and as Correctional
Counselor II of the California Rehabilitation Center, Norco,
CA; Carl Owen, individually and as Correctional Counselor
II of the California Rehabilitation Center, Norco, CA; Paul
Cook, individually and as Warden (Acting) of the California
Valley State Prison, Blythe, CA; R. Green, individually and
(as Plaintiff believes it to be) Classification and Parole
Representative of the California Valley State Prison,
Blythe, CA; Unknown Sapiens, individually and as
Correctional Counselor of the California Valley State
Prison, Blythe, CA; Staff Members of the Classification
Unit, for the Department of Corrections, Sacremento, CA, Defendants,
and
D. Guerrero, individually and as Lieutenant of the
California Rehabilitation Center Norco, CA; E.M. Jimenez,
individually and as Lieutenant for Unit III of the
California Rehabilitation Center, Norco, CA; B. Welch,
individually and as Program Lieutenant (Acting) of the
California Rehabilitation Center, Norco CA, Defendants-Appellees.
James D. MACIEL, Plaintiff-Appellant,
v.
James H. GOMEZ, individually and as Director of the
Department of Corrections, State of California; R. Castro,
individually and as Associate Warden of the California
Rehabilitation Center, Norco, CA; Di Carlo, individually
and as Associate Warden of the California Institution for
Men, Chino, CA; Unknown Green, Mr., individually and as
Appeals Coordinator of the California Institution for Men,
Chino, CA; D. Guerrero, individually and as Appeals
Coordinator for Men, Chino, CA; Unknown Round, Mr.,
individually and as Correctional Officer of the California
Rehabilitation Center, Norco, CA; Unknown San Marco, Ms.,
individually and as Correctional Officer of the California
Rehabilitation Center, Norco, CA; Unknown Moser, Mr.,
individually and as Lieutenant of the California Institution
of Men, Chino, CA; F. Manter, individually and as Sergeant
of the California Institution for Men, Chino, CA; F.
Ciauri, individually and as Sergeant of the California
Institution for Men, Chino, CA; Unknown McKinney,
individually and as Sergeant of the California Institution
for Men, Chino, CA; F. Venegas, individually and as
Correctional Officer of the California Institution for Men,
Chino, CA; Unknown Harris, Ms., individually and as
Correctional Officer of the California Institution for Men,
Chino, CA; H.L. Collins, individually and as Correctional
Officer of the California Institution for Men, Chino, CA;
A. Ramos, individually and as Correctional Officer of the
California Institution for Men, Chino, CA; B. Blankenship,
individually and as Correctional Officer of the California
Institution for Men, Chino, CA; J. Chavez, individually and
as Correctional Officer of the California Institution for
Men, Chino, CA; F. Holmes, individually and as Correctional
Officer of the California Institution for Men, Chino, CA;
J. Benthall, individually and as Correctional Officer of the
California Institution for Men, Chino, CA; H. Narine,
individually and as Correctional Officer of the California
Institution for Men, Chino, CA; D.E. Mori, individually and
as Correctional Officer of the California Institution for
Men, Chino, CA; L. Jimenez, individually and as
Correctional Officer of the California Institution for Men,
Chino, CA; R. Clemans, individually and as Correctional
Officer of the California Institution for Men, Chino, CA;
P. Vicario, individually and as Correctional Officer of the
California Institution for Men, Chino, CA; Unknown Blanco,
individually and as Correctional Officer of the California
Institution for Men, Chino, CA; D. Edelburg, individually
and as Correctional Officer of the California Institution
for Men, Chino, CA, Defendants,
and
Arthur Calderon, individually and as Warden of the
California Rehabilitation Center, Norco, CA; Michael T.
Pickett, individually and as Warden of the California
Institution for Men, Chino, CA, Defendants-Appellees.
 No. 95-55950, 95-55963.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, James D. Maciel, a California state prisoner, appeals pro se the district court's summary judgments for defendants in his 42 U.S.C. § 1983 actions alleging retaliatory transfer and deliberate indifference to serious medical needs due to exposure to environmental tobacco smoke ("ETS"). Maciel also appeals the district court's refusal to issue and serve a summons and complaint on a number of defendants.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We review for abuse of discretion the district court's dismissal of a complaint as frivolous. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam).[2] We vacate and remand.
 
 
 3
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996); Arreola v. Mangaong, 65 F.3d 801, 802 (9th Cir.1995) (per curiam); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). A review of the district court record in each appeal reveals that the district court failed to provide Maciel with this notice. Accordingly, we vacate the district court's summary judgments and remand to allow the district court to advise Maciel of the Rule 56 requirements and to give him an opportunity to respond adequately to defendants' motions for summary judgment. See Anderson, 86 F.3d at 934.
 
 
 4
 The district court required Maciel to prepare a separate statement justifying why a summons and complaint should be issued to each defendant. In each case, the district court found that only a few of the named defendants should be served. In appeal No. 95-55950, the district court never furnished any explanation as to why the remaining defendants should not be served with a summons and complaint. In appeal No. 95-55963, the district court concluded, in the final report and recommendation of the magistrate judge, that Maciel's allegations against the unserved defendants were insufficient to state a constitutional violation.
 
 
 5
 Prior to dismissing a pro se complaint, the district court is obligated to provide a statement of the complaint's deficiencies and grant a pro se litigant with an opportunity to amend the complaint. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Accordingly, upon remand, the district court in appeal No. 95-55950 should explain the deficiencies of Maciel's complaint as to the unserved defendants and allow Maciel an opportunity to amend his complaint. In appeal No. 95-55963, Maciel should be given an opportunity to amend his complaint as to the unserved defendants to allege facts that would be sufficient to establish a constitutional violation.
 
 
 6
 On remand, the district court should consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this case.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 The former section 1915(c) was redesignated 1915(d) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"). This section states that "the officers of the court shall issue and serve all process" in those cases where the litigant has been granted in forma pauperis status unless the complaint is frivolous. 28 U.S.C. § 1915(d); Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989). Because the district court refused to issue a summons and complaint as to several defendants, and then entered final judgment after granting defendants' motions for summary judgment, we construe the refusal to issue a summons and complaint as a dismissal of Maciel's complaint as to those defendants. See Jackson, 885 F.2d at 640
 
 
 [2]
 The district court dismissed under 28 U.S.C. § 1915(d). The former section 1915(d) was redesignated 1915(e) by the PLRA. The portion of section 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)