103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Lee HOLTERMAN, Plaintiff-Appellant,
v.
Barbara ROBERTS; Frank A. Hall; Oregon Department of
Corrections, Defendants-Appellees.
 No. 96-35136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Lee Holterman, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Holterman's action brought pursuant to 42 U.S.C. § 1983 and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. Holterman alleged that defendants failed to provide a kosher diet in accordance with his religious beliefs in violation of his First Amendment rights. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. See id. at 411; accord Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996) ("This requires the district court to tell the prisoner about his 'right to file counter-affidavits or other responsive materials and [to] alert[ ] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him.' ") (internal quotations and citation omitted).
 
 
 4
 Here, a review of the record reveals that the district court failed to advise Holterman that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendants' cross-motion for summary judgment. See Klingele, 849 F.2d at 411-12. Accordingly, we vacate the district court's grant of summary judgment. See id. On remand, the district court should advise Holterman of the Rule 56 requirements and give him an opportunity to respond to defendants' summary judgment motion. See id.[1]
 
 VACATED and REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Holterman's request for oral argument is hereby denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' motion to strike appellant Holterman's affidavit and supporting documents, served on July 12, 1996, is denied as moot
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. NO. 104-134, 110 Stat. 1321 (1996) to this appeal