103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben H. PAPPAN, Plaintiff-Appellant,
v.
Charles D. MARSHALL, J.R. Long, Lt.; C. Johnson, Asst
Warden; M. Castellan, P.A.; A. Lopez, Asst
Warden; Defendants-Appellees.
 No. 96-15049.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben H. Pappan, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Pappan's 42 U.S.C. § 1983 action. Pappan alleged that defendants violated his constitutional rights by assigning him indefinitely to the segregated housing unit based upon his alleged association with a prison gang. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996), and we vacate and remand.
 
 
 3
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. See id. at 411; accord Anderson, 86 F.3d at 934 ("This requires the district court to tell the prisoner about his 'right to file counter-affidavits or other responsive materials and [to] alert[ ] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him.' ") (internal citation omitted).
 
 
 4
 A review of the record reveals that the district court failed to advise Pappan that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendants' motion for summary judgment. Accordingly, we vacate the district court's grant of summary judgment. See Klingele, 849 F.2d at 411-12. On remand, the district court should advise Pappan of the Rule 56 requirements and give him an opportunity to respond to defendants' summary judgment motion. See id.
 
 VACATED and REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal