103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas A. HIRANO, Plaintiff-Appellant,
v.
Pauline YOUNG; Kelly Knowles; Carol Roldan; Dan Lake;
Frances Watkins; Robbie Robinson; Pete Morocco;
Eric Penarosa; John Smythe; Elwood
Reynolds; State of Hawaii,
Defendants-Appellees.
 No. 96-15660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Hirano, a Hawaii state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action. Hirano alleges that prison officials: (1) subjected him to an unreasonable urinalysis test in violation of the Fourth Amendment, (2) violated his due process rights by conducting a procedurally-flawed disciplinary hearing, and (3) imposed cruel and unusual punishment in violation of the Eighth Amendment by placing him in disciplinary segregation for forty-four days. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 Before entering summary judgment, a district court must inform a pro se prisoner litigant of the requirements under Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). This requires the district court to advise the prisoner of his "right to file counter-affidavits or other responsive materials and [to] alert [ ] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him." Anderson v. Angelone, 86 F.3d 932, 935 (9th Cir.1996) (quoting Jacobsen v. Filler, 790 F.2d 1362, 1365 n. 8 (9th Cir.1986)).
 
 
 4
 Here, the district court simply advised Hirano that it would treat the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) as a motion for summary judgment, and gave Hirano fifteen days from the date of the order "to submit any additional matters to the Court which he may wish to have the Court consider." While this would normally satisfy the district court's obligation to a pro se litigant, see Anderson, 86 F.3d at 935, the district court's duties with respect to a pro se prisoner litigant are greater. Id. As indicated, the district court must tell the prisoner of his right to file counter-affidavits or other responsive materials and alert him to the fact that his failure to so respond might result in the entry of summary judgment against him. Id.
 
 
 5
 The district court in this case gave no such advice. Accordingly, we vacate the district court's grant of summary judgment and remand for the district court to provide the appropriate instructions and allow Hirano an opportunity to respond.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3