108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawny Lamar BROWNING, Plaintiff-Appellant,
v.
Steve STEDTFELD, Bureau Chief Medical Services; T.R.
Bennett, ISCI Hospital Administrator; Hatten, Dr., ISCI
Medical Doctor; Paul Delaplain, Physicians Assistant
Sidoway, ISCI Corrections Medical Staff; Johnston, ISCI
Corrections Medical Staff, Defendants-Appellees.
 No. 96-35539.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawny Lamar Browning, an Idaho state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Browning's 42 U.S.C. § 1983 civil rights action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we vacate and remand.
 
 
 3
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner to submit responsive evidence in opposition to a summary judgment motion. See id. at 411; accord Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996).
 
 
 4
 The district court granted the defendants' "Motion to Dismiss, or in the Alternative for Summary Judgment" without clarifying whether the district court intended to dismiss or to grant summary judgment. Nonetheless, where, as here, the district court expressly relies on materials outside the pleadings, a motion to dismiss must be treated like summary judgment. See Anderson, 86 F.3d at 934. A review of the record reveals that the district court failed to advise Browning that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendants' motion for summary judgment. See Klingele, 849 F.2d at 411-12. Accordingly, we vacate the district court's grant of summary judgment, and remand so that the district court can advise Browning of the Rule 56 requirements and give him an opportunity to respond to defendants' summary judgment motion. See id.
 
 VACATED and REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. NO. 104-134, 110 Stat. 1321 (1996) to this appeal