112 F.3d 517
 9 NDLR P 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yvonne SIMMONS, Plaintiff-Appellant,
v.
UNITED AIRLINES, Defendant-Appellee.
 No. 96-16753.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yvonne Simmons appeals the district court's summary judgment[1] dismissal of her employment discrimination action under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (1990), finding that Simmons failed to exhaust her administrative remedies and that the limitations period was not equitably tolled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 Simmons contends that the district court erred by finding that she did not file a timely discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). This contention has merit.[2]
 
 
 4
 The ADA requires that an aggrieved person must file a discrimination charge with the EEOC before commencing an action in federal court. See 42 U.S.C. § 12117(a) (1990) (incorporating Title VII procedures). Generally, a person must file the charge within 180 days of the alleged discriminatory act. See id. A person effectively files a discrimination charge when he timely completes an EEOC intake questionnaire. See Casavantes v. California State Univ., 732 F.2d 1441, 1442-43 (9th Cir.1984).
 
 
 5
 Here, defendant terminated Simmons on November 26, 1992. On January 2, 1993, Simmons visited an EEOC office in Houston, Texas, intending to file a discrimination charge. Simmons signed a log-in sheet, and she filled out an EEOC intake questionnaire. Although Simmons did not produce a copy of the actual EEOC questionnaire, viewing the uncontroverted evidence in the light most favorable to Simmons, we conclude that she timely filed the requisite discrimination charge when she completed the EEOC intake questionnaire on January 2, 1993. See id. In addition, Simmons cured any deficiencies on her questionnaire when she subsequently filed a formal EEOC charge on October 28, 1993. See id. at 1443. Accordingly, we conclude that the district court erred by dismissing Simmon's action for failing to file an EEOC discrimination charge. See Fed.R.Civ.P. 56(c). We therefore reverse and remand for further proceedings.[3]
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Simmons's request for oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court considered Simmons's affidavit in dismissing her action, the court converted defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss into one for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996). We review de novo this grant of summary judgment. See id
 
 
 [2]
 Simmons raised both an ADA and Title VII racial discrimination claim in district court. Because Simmons has not challenged the district court's disposition of her Title VII claim, she has waived her right to object to this ruling on appeal. See Zimmerman v. Bishop Estate, 25 F.3d 784, 788-89 (9th Cir.1994)
 
 
 [3]
 Because we conclude that Simmons's charge was timely, we need not determine whether equitable tolling was available to Simmons. See Casavantes, 732 F.2d at 1444