114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dyarell D. HUNT, Plaintiff-Appellant,
v.
Officer SHOREY, Defendant-Appellee.
 No. 95-15621.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dyarell D. Hunt, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of Correctional Officer Eric Shorey on Hunt's claim that Shorey denied him access to the courts by destroying his legal papers.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 Before entering summary judgment against a pro se prisoner litigant, a district court must advise the prisoner of the requirements of Fed.R.Civ.P. 56, see Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988), and that the prisoner's failure to file counter-affidavits or other material might result in the entry of summary judgment against him, see Anderson v. Angelone, 86 F.3d 932, 935 (9th Cir.1996).
 
 
 4
 Here, a review of the record reveals that the district court failed to give Hunt the requisite warnings before entering summary judgment, and accordingly, we vacate the district court's summary judgment and remand with instructions to advise Hunt of the requirements of Fed.R.Civ.P. 56. See Klingele, 849 F.2d at 411-12; Anderson, 86 F.3d at 935.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hunt does not appeal the district court's dismissal for failure to state a claim of his Fourteenth Amendment liberty interest and Sixth Amendment claims, and therefore we do not address those claims