119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RONALD FLOURNOY, Plaintiff-Appellant,
v.
J. PACHEO, individually and officially as Warden of Housing,
L.A. SHIPMAN, individually and officially as Appeal
Coordinator, K. McKINNON, individually and officially as
Correctional Sergeant, M. SARABIA, individually and
officially as Correctional Officer, S. JOHNSON, individually
and officially as Correctional Officer, AIRTOUCH CELLULAR, a
California Corporation, Defendants,
and
ROSIE GARCIA, individually and officially as Warden, J.L.
GLAZIER, individually and officially as Correctional
Lieutenant; R. GALINDO, individually and officially as
Correctional Lieutenant, Defendants-Appellees.
 No. 96-55648.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California; No. CV-94-01131-NAJ; Napoleon A. Jones, District Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Flournoy, a California state prisoner, appeals pro se the district court's (1) summary judgment for defendant Glazier in his 42 U.S.C. § 1983 action alleging retaliation and (2) dismissal for failure to state a claim of his 42 U.S.C. § 1983 action against defendant Garcia alleging retaliation.[1] We review de novo both a grant of summary judgment and a dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam), and we reverse and remand.
 
 
 3
 Ronald Flournoy contends that the district court erred by granting summary judgment for Glazier on his claim that Glazier retaliated against him for filing grievances by placing Flournoy in administrative segregation. This contention has merit.
 
 
 4
 To preclude the entry of summary judgment on a claim of retaliation, a prisoner must establish that he was "retaliated against for exercising his constitutional rights and that the retaliatiory action does not advance legitimate penological goals." Id. at 816. The prisoner must also submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995).
 
 
 5
 Here, the district court converted defendants' motion to dismiss into a motion for summary judgment and provided Flournoy with an opportunity to submit additional materials as well as an explanation of how to oppose a motion for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934-35 (9th Cir.1996). In his second amended, verified complaint and attached affidavits, Flournoy submitted evidence that the disciplinary reports were "falsified" and that Glazier had stated that he would "get" Flournoy for having filed grievances against prison staff. Because Flournoy submitted evidence that the disciplinary reports, which provided the basis for defendants' legitimate penological interest, were false and that Glazier had expressed a desire to retaliate, the district court erred by granting summary judgment for Glazier on Flournoy's claim of retaliation. See Barnett, 31 F.3d at 816; Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 6
 Flournoy also contends that the district court erred by dismissing his claim of retaliation against Garcia for failure to allege personal participation. This contention has merit.
 
 
 7
 In its order dismissing in part and granting summary judgment in part on Flournoy's second amended complaint, the district court dismissed Flournoy's claim of retaliation against Garcia with leave to amend to allege facts demonstrating Garcia's personal participation. Supervisory liability may be based on a supervisor's knowledge of constitutional violations and subsequent lack of action in preventing the violations. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). In his third amended, verified complaint, Flournoy stated that he had informed Garcia that Glazier's disciplinary report was false, but that Garcia failed to remedy the situation. Accordingly, the district court erred by dismissing Flournoy's claim against Garcia for failure to allege facts showing Garcia's personal participation in the alleged constitutional violation. See Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir.1992) (finding personal participation where prison officials denied appeals of transfer decision).
 
 
 8
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 These are the only claims presented below which Flournoy raises on appeal