**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY D. ROSS, an individual, AKA Freeway Rick Ross, AKA Rick D. Ross, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WILLIAM LEONARD ROBERTS, II, an individual, DBA Rick Ross, DBA Rick Rozay; et al., <br><br> Defendants - Appellees. | No. 10-56874 <br><br> D.C. No. 2:10-cv-04528-PA-RZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Ricky D. Ross appeals pro se from the district court's order dismissing with

prejudice his federal trademark causes of action under the Lanham Act for failure

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

to state a claim, and declining to exercise supplemental jurisdiction over Ross's various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1142 (9th Cir. 2008), and we affirm.

The district court properly dismissed Ross's trademark claims because Ross failed to state viable grounds for relief. *See id.* (dismissal is proper where, construing all facts in the light most favorable to plaintiff, it appears beyond doubt that he can prove no set of facts entitling him to relief); *see also* 15 U.S.C. § 1127 (defining trademark to mean a word or name used "to identify and distinguish [a person's] goods . . . from those manufactured or sold by others and to indicate the source of the goods"); *CreAgri, Inc. v. USANA Health Scis.*, 474 F.3d 626, 630 (9th Cir. 2007) (only lawful use in commerce can establish trademark rights).

Contrary to Ross's contention on appeal, the district court did not rely on materials outside the pleadings in ruling on the motion to dismiss and, thus, did not need to treat the motion as one for summary judgment. *Cf. Anderson v. Angelone*, 86 F.3d 932, 934 (1996). Further, the district court properly decided the motion to dismiss without oral argument. *See Mahon v. Credit Bureau Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *see also* C.D. Cal. Local R. 7-15.

Ross's remaining contentions are unpersuasive.

10-56874

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**