**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PRYMAS NAZRETH VAZ,
*Plaintiff-Appellant*,

v.

DAVID NEAL,[*] in his official
capacity, Director of Executive
Office for Immigration Review; JILL
L. ANDERSON, in her official
capacity as General Counsel for the
Executive Office for Immigration
Review,
*Defendants-Appellees*.

No. 21-15913

D.C. No.
2:20-cv-00316-
KJD-NJK

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 16, 2022
Las Vegas, Nevada

Filed May 9, 2022

---

[*] David Neal, the Director of the Executive Office for Immigration
Review is automatically substituted for his predecessor, James
McHenry, pursuant to Fed. R. App. P. 43(c)(2).

Before:  Andrew J. Kleinfeld, D. Michael Fisher,[**] and Mark J. Bennett, Circuit Judges.

Opinion by Judge Bennett

---

**SUMMARY**[***]

---

**Administrative Procedure Act/Mandamus Act**

The panel affirmed the district court's dismissal of an action seeking to compel the Executive Office for Immigration Review, an agency within the Department of Justice that maintains an Attorney Discipline Program, to complete its investigation of plaintiff's complaint against his former attorney and to report its investigation to plaintiff.

The panel treated the district court's dismissal as a grant of summary judgment because the district court relied on evidence outside the complaint.  Because mandamus relief and relief under the Administrative Procedure Act ("APA") are in essence the same, and plaintiff had an adequate remedy under the APA, the panel followed Ninth Circuit precedent and chose to analyze the APA claim only.

The panel held that the district court erred in treating the requirements for obtaining relief under the APA as jurisdictional and dismissing the complaint on that basis.

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Plaintiff's APA claim, alleging that the Executive Office for Immigration Review ("EOIR") failed to perform its duties under federal regulations, arose under the laws of the United States, and the district court had subject matter jurisdiction.

Addressing the merits, the panel held that the EOIR had a clear, mandatory duty to investigate plaintiff's complaint within a reasonable time, but it had no duty to report its investigation results to plaintiff. Thus, plaintiff would only be entitled to relief if the EOIR unreasonably delayed in carrying out its duty to investigate. Applying the six-factor balancing test announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984), the panel held that the EOIR's delay was not unreasonable under the APA.

## COUNSEL

Scott A. Emerick (argued), Bolour / Carl Immigration Group APC, Los Angeles, California; Jon E. Garde (argued), Immigration Law Office of Jon Eric Garde & Associates, Las Vegas, Nevada; for Plaintiff-Appellant.

Elizabeth O. White (argued), Appellate Chief; Brianna Smith, Assistant United States Attorney; Christopher Chiou, Acting United States Attorney; United States Attorney's Office, Reno, Nevada; for Defendants-Appellees.

**OPINION**

BENNETT, Circuit Judge:

The Executive Office for Immigration Review (EOIR), an agency within the Department of Justice, maintains an Attorney Discipline Program.  Under the Program, Prymas Nazreth Vaz filed a complaint against his former attorney.  In this suit, Vaz seeks to compel the EOIR to complete its investigation of Vaz's complaint against his former attorney and to report its investigation results to Vaz.[1]  He relies on the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act (APA), 5 U.S.C. § 706(1).

The district court granted the EOIR's motion to dismiss, finding that it lacked jurisdiction under both the Mandamus Act and the APA.  It alternatively found that relief was inappropriate even if it had jurisdiction.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.  The district court erred in determining that it lacked jurisdiction under the APA.  But we affirm its denial of relief because the EOIR's delay was not unreasonable under the APA.  Following Ninth Circuit precedent, we choose to conclude our analysis there, and do not reach the Mandamus Act.  *See R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997).

---

[1] The complaint was filed against James McHenry (the EOIR's Director at the time) and Jill Anderson (the EOIR's General Counsel), in their official capacities.  David Neal, the current EOIR Director, was automatically substituted as a party.  Fed. R. App. P. 43(c)(2).  We refer to defendants collectively as the "EOIR."

# I

The EOIR's Attorney Discipline Program regulates the conduct of attorneys and other representatives who practice before the Board of Immigration Appeals and immigration courts. As part of the Program, individuals can submit complaints, which the EOIR investigates. *See* 8 C.F.R. § 1003.104. Although complaints are normally reviewed in the order in which they are received, investigation timelines depend on several factors, including, for example, when the EOIR receives necessary information. The EOIR may prioritize complaints, and it usually gives priority to those involving egregious conduct or practitioners who are the subject of multiple complaints.

The Program is headed by the EOIR's Disciplinary Counsel and is staffed with two attorneys (the Disciplinary Counsel and one Assistant Disciplinary Counsel), one investigator, and two individuals who provide administrative support. In 2018, the EOIR received about 579 complaints; in 2019, it received about 684 complaints; and by the end of March 2020, it had received about 417 complaints that calendar year. In June 2020, the EOIR was still processing complaints from 2017.

Vaz filed his complaint with the EOIR in May 2018. He alleged that his prior attorney, Sonjay Sobti, had engaged in professional misconduct. Vaz hired Sobti after the Ninth Circuit had upheld the denial of his asylum application. According to Vaz, from about 2006 to 2016, Vaz paid Sobti about $10,000 each year to handle his immigration case, though Sobti failed to update Vaz on the status of his case. Sobti allegedly also started immigration proceedings on Vaz's behalf without consulting Vaz and forged Vaz's signature on various documents.

The EOIR determined that Vaz's complaint warranted further review, and it sent Vaz a letter stating that it would investigate his complaint and inform him of the results. The EOIR also decided that it would address Vaz's complaint "in the order it was received and as resources permit," and that it would not give it priority.[2] This decision was partly based on the fact that Vaz had also filed a complaint with the State Bar of California, which dismissed it based on "insufficient evidence."

About two years after Vaz filed his complaint with the EOIR, he sued the EOIR because it had failed to provide him with any updates or inform him of the results of its investigation. Vaz's complaint alleges that the EOIR has duties to investigate his complaint and notify him of the investigation results. He seeks to enforce those alleged duties under the Mandamus Act and the APA. Vaz claims that the results of the EOIR's investigation "could be beneficial" to his immigration proceedings, but he has never claimed that the EOIR's delay is preventing him from pursuing relief in his immigration proceedings.

The EOIR moved to dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the motion, finding that it lacked jurisdiction under the Mandamus Act and the APA. The district court alternatively determined that even if it had jurisdiction, relief was unwarranted because the EOIR's delay was not unreasonable, given the EOIR's limited resources. The

---

[2] At oral argument, counsel for the EOIR stated that the EOIR's investigation into Vaz's complaint is currently ongoing and that the EOIR cannot provide an estimated completion date. Oral Arg. at 15:36–17:10, https://youtu.be/wYU_b2vVhTs.

district court considered evidence outside the complaint—a declaration from the EOIR's Disciplinary Counsel. The district court thus converted the motion to dismiss into a motion for summary judgment. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).[3]

Vaz timely appeals.

## II.

We review a "dismissal for lack of subject matter jurisdiction *de novo.*" *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015 (9th Cir. 2007). We treat the district court's alternative determination on the merits as a grant of summary judgment because the district court relied on evidence outside the complaint. *See Anderson*, 86 F.3d at 934. "This court reviews a district court's grant of summary judgment de novo. . . . Therefore, when reviewing a grant of summary judgment, this court sits in the same position as the district court and applies the same summary judgment test that governs the district court's decision." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 629–30 (9th Cir. 1987). Summary judgment must be granted if there is no genuine issue as to any material fact, viewing the evidence in the nonmoving party's favor. *See id.* at 630–31.

## III

Because "mandamus relief and relief under the APA are 'in essence' the same," when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate

---

[3] Vaz has never argued that it was improper for the district court to consider the declaration.

remedy under the APA, we may elect to analyze the APA claim only. *R.T. Vanderbilt Co.*, 113 F.3d at 1065 (quoting *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997)). Here, we choose to analyze Vaz's claim under the APA only, as he has an adequate remedy under the APA. We therefore do not address the district court's analysis of the Mandamus Act claim, including its jurisdictional analysis.

## A

The district court found that it lacked subject matter jurisdiction over the APA claim because Vaz had failed to show that he could meet the requirements for obtaining relief under the APA. But the requirements for obtaining relief under the APA go to the merits, not to subject matter jurisdiction. *See Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021) ("Any deficiencies as to the APA claim go to the merits of that cause of action rather than to the subject matter jurisdiction of the court to consider it."). Thus, the district court erred in treating the requirements for obtaining relief under the APA as jurisdictional.

Subject matter jurisdiction over an APA claim rests on the federal question statute, 28 U.S.C. § 1331. *Id.* at 1082 n.5. So the question is whether Vaz's APA claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Vaz alleges that he is entitled to relief under the APA, a federal statute, because the EOIR failed to perform its duties under federal regulations within a reasonable time. Vaz's APA claim therefore arises under the laws of the United States, and the district court had subject matter jurisdiction.

**B**

Under the APA, a court may "compel agency action . . . unreasonably delayed."  5 U.S.C. § 706(1).  But "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*"  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).  Thus, a court may compel agency action under the APA when the agency (1) has "a clear, certain, and mandatory duty," *Plaskett*, 18 F.4th at 1082, and (2) has unreasonably delayed in performing such duty, *see* 5 U.S.C. § 706(1).

**1**

Vaz argues that, under 8 C.F.R. § 1003.104(b), the EOIR has clear, mandatory duties to investigate his complaint and to report its investigation results to him.  We hold that the EOIR has a mandatory duty to investigate but has no duty to report its investigation results to complainants.

Section 1003.104(b) provides:

> Preliminary inquiry.  Upon receipt of a disciplinary complaint or on its own initiative, the EOIR disciplinary counsel will initiate a preliminary inquiry. . . . If the EOIR disciplinary counsel determines that a complaint is without merit, no further action will be taken.  The EOIR disciplinary counsel may, in the disciplinary counsel's discretion, close a preliminary inquiry if the complainant fails to comply with reasonable requests for assistance, information, or documentation.

> The complainant and the practitioner shall be
> notified of any such determination in writing.

8 C.F.R. § 1003.104(b).

The regulation directs that the EOIR "*will* initiate a preliminary inquiry." *Id.* (emphasis added). "The word 'will,' like the word 'shall,' is a mandatory term, unless something about the context in which the word is used indicates otherwise." *Nat. Res. Def. Council, Inc. v. Perry*, 940 F.3d 1072, 1078 (9th Cir. 2019) (citation omitted). Nothing in § 1003.104 suggests that the word "will" imposes anything but a mandatory duty. And an "inquiry" is "a systematic investigation often of a matter of public interest." *Inquiry*, Merriam-Webster, https://www.merriam-webster.com/dictionary/inquiry (last visited Apr. 12, 2022). Thus, § 1003.104(b) imposes a clear, mandatory duty on the EOIR to investigate every complaint.

The EOIR argues that it has no duty to investigate because the regulations grant it broad discretion over the scope of investigations and what actions it may take after completing an investigation. *See, e.g.*, 8 C.F.R. § 1003.104(b) ("If the EOIR disciplinary counsel determines that a complaint is without merit, no further action will be taken."); *id.* § 1003.104(c) ("The EOIR disciplinary counsel, in its discretion, may issue warning letters and admonitions, and may enter into agreements in lieu of discipline, prior to the issuance of a Notice of Intent to Discipline."). But discretion over how to investigate is different from discretion over whether to investigate. And the regulations neither provide nor suggest that the EOIR has discretion *whether* to investigate a complaint.

The EOIR also argues that we should deny relief because parts of the complaint incorrectly allege that the EOIR has a

duty to *expedite* investigations. We agree that the regulations do not require the EOIR to expedite its investigations. Indeed, the regulations provide no timeframe in which an investigation must be completed. Thus, to the extent that Vaz argues that the EOIR has a duty to expedite investigations, such argument fails. But Vaz also alleges that the EOIR has a duty to investigate complaints within a *reasonable time* under the APA. We *can* compel agency action "unreasonably delayed" under the APA. *See* 5 U.S.C. § 706(1). Thus, even though the EOIR has no duty to expedite or complete investigations within a certain period, the EOIR does have a mandatory duty to investigate complaints under § 1003.104(b), and it must do so within a reasonable time under the APA.

The EOIR, however, has no mandatory duty to notify complainants of its investigation results. Vaz argues that such duty is found in the last sentence of § 1003.104(b): "The complainant and the practitioner shall be notified of any such determination in writing." But when read in context, "any such determination" refers to the determination described in the prior sentence: the EOIR's discretionary decision to close a preliminary inquiry because of a complainant's failure to provide requested information. *See* 8 C.F.R. § 1003.104(b) ("The EOIR disciplinary counsel may, in the disciplinary counsel's discretion, close a preliminary inquiry if the complainant fails to comply with reasonable requests for assistance, information, or documentation."). The regulation therefore requires the EOIR to inform a complainant of its decision to close a preliminary inquiry because the complainant failed to provide information, but it does not require the EOIR to notify a complainant of its investigation results.

In sum, the EOIR has a clear, mandatory duty to investigate Vaz's complaint within a reasonable time, but it has no duty to report its investigation results to Vaz. Thus, Vaz is only entitled to relief if the EOIR unreasonably delayed in carrying out its duty to investigate.[4]

## 2

To determine whether an agency's delay is unreasonable under the APA, we use the *TRAC* factors—the six-factor balancing test announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*"). *See Indep. Mining*, 105 F.3d at 507. The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason[";]
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

---

[4] Because the EOIR has never argued that Vaz lacks prudential standing under the APA, we have no occasion to address that issue. *See Nat'l Credit Union Admin. v. First Nat. Bank & Tr. Co.*, 522 U.S. 479, 488 (1998) ("For a plaintiff to have prudential standing under the APA, 'the interest sought to be protected by the complainant must be arguably within the zone of interests to be protected or regulated by the statute in question.'" (cleaned up) (quoting *Ass'n of Data Processing Serv. Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970))); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1087 n.6 (9th Cir. 2003) ("[B]ecause the zone of interests test is merely prudential rather than constitutional it is waivable.").

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*TRAC*, 750 F.2d at 80 (citations omitted).

Vaz presents no developed argument that the EOIR's delay was unreasonable under the *TRAC* balancing test. Indeed, he does not even mention the *TRAC* factors in his briefs. "We will not manufacture arguments for an appellant . . . ." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Vaz has failed to raise a genuine dispute about whether the EOIR's delay was unreasonable.[5]

---

[5] Vaz does argue that unreasonable delay is a factual question that should not be decided under motion to dismiss standards. But his argument is irrelevant because, as discussed above, we treat the district court's dismissal as a grant of summary judgment and apply summary judgment standards. *See United States v. Grayson*, 879 F.2d 620, 625 n.8 (9th Cir. 1989).

But even if Vaz had developed an argument, it would have failed. The only relevant *TRAC* factors are one, three, four, and five.[6]

The first factor considers "whether the time for agency action has been reasonable." *Nat. Res. Def. Council, Inc. v. EPA*, 956 F.3d 1134, 1139 (9th Cir. 2020). It is the "most important" factor, "though it, like the others, is not itself determinative." *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017). Assuming the EOIR has still not completed its investigation of Vaz's complaint (filed in May 2018), Vaz has been waiting about four years. "Repeatedly, courts in this and other circuits have concluded that 'a reasonable time for agency action is typically counted in weeks or months, not years.'" *Nat. Res. Def. Council*, 956 F.3d at 1139 (quoting *A Cmty. Voice*, 878 F.3d at 787). We assume without deciding that the first factor would weigh in Vaz's favor.

But the remaining relevant factors weigh against Vaz. No evidence supports the third and fifth factors—that the investigation delay is affecting Vaz's health and welfare or causing him prejudice. Vaz merely speculates that he "*may* be able to seek immigration relief based on the findings of [the EOIR's] investigation." (emphasis added). And he offers no evidence that the EOIR's delay is causing him harm or prejudice. For example, Vaz provides no evidence that the EOIR's delay prevented him from seeking

---

[6] The second *TRAC* factor is inapplicable because the regulations provide no timetable for the EOIR's investigations. The sixth *TRAC* factor is also irrelevant because there is no evidence that the EOIR has engaged in any improper conduct.

immigration relief based on his former attorney's alleged misconduct.

The fourth factor—whether compelling the agency to act would detract from its higher or competing priorities—also weighs against granting Vaz relief. The EOIR has limited resources and has hundreds of pending complaints, many of which were received before Vaz filed his complaint and presumably some of which the EOIR has determined merit priority. Requiring the EOIR to investigate Vaz's complaint would interfere with the EOIR's discretion in prioritizing its activities and allocating its resources. *Cf. In re Barr Lab'ys, Inc.*, 930 F.2d 72, 75–76 (D.C. Cir. 1991) (reasoning mandamus relief was inappropriate under the *TRAC* factors when delay stemmed from a "resource-allocation issue," and would "put[] [petitioner] at the head of the queue simply mov[ing] all others back one space . . . [,] produc[ing] no net gain").[7]

In sum, we deny relief because Vaz developed no argument showing that the EOIR's delay was unreasonable

---

[7] Nothing in our decision should be construed as holding that an agency's limited resources always supports denying relief under the APA. Rather, our holding is based on the record before us, which gives us no reason to believe that the Department of Justice's allocation of resources to the EOIR caused the EOIR to unreasonably delay in complying with its duty to investigate Vaz's complaint. We note that Vaz made no formal request under Rule 56(d) to continue the hearing on the EOIR's motion, to allow for discovery. *See* Fed. R. Civ. P. 56(d)(2). Moreover, Vaz's general and speculative arguments made in his opposition to the motion failed to satisfy Rule 56(d)'s requirements. *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (explaining that a party must "identify with specificity facts" that are likely to be discovered to satisfy Rule 56(d), and that evidence which is "'the object of mere speculation' . . . is insufficient to satisfy the rule" (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013))).

under the *TRAC* factors.  But even if he had, we would still deny relief because, on the record before us, the EOIR's delay was not unreasonable under the *TRAC* factors.

## IV

The district court erred in concluding that it lacked jurisdiction over the APA claim.  But reviewing the district court's dismissal based on the merits as a grant of summary judgment, we affirm.  The EOIR has a clear, mandatory duty to investigate Vaz's complaint, but Vaz is not entitled to relief under the APA because the EOIR's delay in investigating his complaint was not unreasonable on the record before us.

**AFFIRMED.**