NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINA PEARSON,

        Plaintiff-Appellant,

  v.

APRIA HEALTHCARE GROUP, INC.;
ARSTRAT, LLC,

        Defendants-Appellees.

No.  21-55786

D.C. No.
3:19-cv-02400-WQH-JLB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 7, 2023
Pasadena, California

Before:  WATFORD and COLLINS, Circuit Judges, and S. MURPHY, III,**
District Judge.

    Appellant Christina Pearson sued Appellee Arstrat (ARS) under the Fair

Debt Collection Practices Act (FDCPA) and the California Rosenthal Fair Debt

Collection Practices Act (RFDCPA).  Pearson also sued Appellee Apria Healthcare

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Stephen J. Murphy, III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Group under only the RFDCPA. Pearson moved for summary judgment against ARS, and Pearson and Apria cross-moved for summary judgment against each other. The district court denied Pearson's summary judgment motion against ARS and sua sponte granted summary judgment for ARS on all three FDCPA claims under Federal Rule of Civil Procedure 56(f). Having disposed of the federal claims, the district court declined to exercise supplemental jurisdiction over the remaining two State claims, denied as moot Pearson's and Apria's cross-summary judgment motions, and dismissed the case.

Pearson moved for reconsideration of the district court's final judgment. In the motion, Pearson argued that the district court had erred because it overlooked evidence of a September 12, 2019 collection letter (Collection Letter) mailed to Pearson by ARS. If the district court had considered the Collection Letter, Pearson claimed, the court would have found a genuine issue of material fact as to whether ARS violated the FDCPA. The district court denied the motion because, in its view, Pearson had failed to allege that the Collection Letter violated the FDCPA.

On appeal, Pearson raises two issues. First, whether the district court erred in not considering the Collection Letter for her federal claims at summary judgment. Second, whether the district court erred in dismissing her State claims, which were based on supplemental jurisdiction. We have jurisdiction under

28 U.S.C. § 1291. And we review the district court's grant of summary judgment de novo. *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022).

The district court erred when it granted summary judgment in favor of ARS on all three federal claims because it failed to give Pearson adequate notice and an opportunity to be heard on two of the federal claims with respect to the Collection Letter. "District courts unquestionably possess the power to enter summary judgment sua sponte" under Rule 56(f). *Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010) (en banc). But before exercising that power, a district court must give "the losing party . . . reasonable notice that the sufficiency of his or her claim will be in issue." *Id.* at 971–72 (cleaned up); *see* Fed. R. Civ. P. 56(f).

In Pearson's summary judgment motion, she argued that ARS "violated § 1692c and Cal. Civ. Code § 1788.17," referring to the FDCPA and the RFDCPA, respectively. But Pearson never discussed how ARS violated the two other federal claims she brought under § 1692d and § 1692f. And Pearson mentioned neither her RFDCPA claim against ARS under California Civil Code § 1812.700 nor the Collection Letter, even though the complaint specifically tied the letter to that State statute. Simply put, Pearson's summary judgment motion, though not titled as such, was a motion for partial summary judgment. Indeed, the response brief by ARS treated the motion as one for partial summary judgment and addressed only the issue of whether summary judgment should be granted on the § 1692c and

3

California Civil Code § 1788.17 claims. And the parties' oral argument confirmed that that motion concerned the discrete issue of whether ARS violated § 1692c by calling Pearson before 8:00 a.m. Neither § 1692e nor § 1692f concern time of communication—only § 1692c does. What is more, Apria's motion did not address the Collection Letter sent by ARS. Taken altogether, the parties' briefing and the oral arguments of Pearson and ARS show that the motion was one for partial summary judgment.

Because the district court dismissed Pearson's federal claims under § 1692e and § 1692f with respect to the Collection Letter without giving her adequate notice and a reasonable time to respond, the district court violated Rule 56(f). We therefore vacate, to that extent, the district court's order as to § 1692e and § 1692f[1] and remand the case for the district court to reconsider those claims with respect to the Collection Letter after full briefing.

Next, the parties dispute whether Pearson has Article III standing to bring a FDCPA claim based on the Collection Letter. There is a serious question whether Pearson could adequately establish an injury in fact. But because the parties never briefed the relevant § 1692e and § 1692f claims below, the issue of standing as it relates to those counts and the Collection Letter were not raised until this appeal.

---

[1] This memorandum does not disturb the court's order dismissing the § 1692c claim on the merits. We therefore vacate the order in part.

Given that posture, we conclude that the better course would be to allow the district court to consider the issue in the first instance. Accordingly, we instruct the district court to determine on remand whether Pearson has standing to assert the § 1692e and § 1692f claims with respect to the Collection Letter.

Last, because the district court granted summary judgment on the § 1692e and § 1692f claims in error, the court's decision to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) was also in error. We therefore vacate the district court's dismissal of the State claims.[2]

The district court's order on appeal is **VACATED IN PART** as to the second and third causes of action under § 1692e and § 1692f based on the Collection Letter and with respect to the court's decision not to exercise supplemental jurisdiction over the State claims. The case is **REMANDED** with instructions for the district court to provide Pearson notice and an opportunity to be heard on her § 1692e and § 1692f claims against ARS (counts two and three in the complaint) with respect to the Collection Letter. The court must also decide in the first instance whether Pearson has Article III standing to assert her § 1692e and § 1692f claims.

---

[2] Our decision does not preclude the district court from again declining to exercise supplemental jurisdiction over the State claims should the court ultimately dismiss the remaining federal claims on second review.

5