NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10245 |
| Plaintiff-Appellee, | D.C. No.<br>1:21-cr-00020-FMTG-1 |
| v. | |
| MICHAEL RODRIGUEZ CEPEDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Alex R. Munson, District Judge, Presiding

Argued and Submitted October 5, 2023
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Defendant-Appellant Michael Cepeda pleaded guilty to attempted possession of methamphetamine with intent to distribute. He appeals his sentence of 108 months, contending that the district court erred in denying his request for a minimal-participant adjustment. *See* U.S.S.G. § 3B1.2. We have jurisdiction under 18 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"When reviewing sentencing decisions, we review the district court's identification of the relevant legal standard de novo, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 959–60 (9th Cir. 2022) (subsequent history omitted).

Cepeda argues that the district court "wrongly considered the offense charged as a factor in and of itself to deny a downward adjustment" and that the court erred by not comparing Cepeda's conduct with other participants in the offense.[1] According to Cepeda, these are legal errors that require de novo review.

First, Cepeda contends that the district court "fail[ed] to identify and apply the correct legal standard" because it never explicitly compared Cepeda to other participants in the offense or went through the five factors listed in the commentary to the Sentencing Guidelines. But the court need not explain all of its reasoning; it "only needs to make its resolution of disputed matters"—here, whether Cepeda was a minimal participant—"clear." *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994). The court did that. Nor was the court "obligated to tick off the factors on the record to show that it considered them." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018); *see also United States v. Cervantes-Valenzuela*, 931 F.2d 27, 29 (9th

---

[1] Cepeda also argues that he did not waive his right to appeal his sentence. Because the government concedes the point and because his appeal is not meritorious in any event, we assume he has preserved his right to appeal his sentence.

Cir. 1991) (per curiam) ("We assume that the district court knows and applies the law correctly.").

Second, Cepeda argues that the district court relied on his "count of conviction" in denying him a downward adjustment and that, in doing so, the court "gave weight to a wrong legal standard." But assuming the law prohibits such a consideration, Cepeda does not rebut the presumption that the district court identified and applied the correct standard in sentencing him. *Diaz*, 884 F.3d at 916. Cepeda cites several moments from the sentencing hearing to argue that the court relied on this fact, but these references do not show that the court relied on the charged offense as part of its reason to deny his request for a downward adjustment.

Third, Cepeda does not argue that the district court abused its discretion in denying his request—indeed, he disavows such an argument— so we do not consider it. *See Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022).

In sum, Cepeda has not shown the district court erred in denying his request for a minimal-participant adjustment to his sentence.

**AFFIRMED.**