NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ANTHONY MORENO, individually, and on behalf of others similarly situated,

Plaintiff-Appellant,

v.

VI-JON, LLC,

Defendant-Appellee.

No.   23-55631

D.C. No.
3:20-cv-01446-JM-BGS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted June 12, 2024
Pasadena, California

Before:  W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.
Dissent by Judge VANDYKE.

Anthony Moreno appeals the district court's order dismissing Moreno's

Fourth Amended Complaint (FAC) in this putative class action brought against Vi-

Jon, the manufacturer of several common hand sanitizers sold in retail stores.  The

district court previously dismissed Moreno's Second Amended Complaint, and we

reversed with instructions for the district court to permit Moreno to further amend

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his complaint.  *See Moreno v. Vi-Jon, LLC.*, No. 21-56370, 2022 WL 17668457, at *1 (9th Cir. Dec. 14, 2022) (unpublished).  We assume the parties' familiarity with the facts and recite them only as necessary.  We review de novo the district court's order granting a motion to dismiss under Rule 12(b)(6), "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party."  *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 938 (9th Cir. 2018) (citation omitted).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

1.      The district court erred by dismissing Moreno's claims for unfair and unlawful business acts and practices pursuant to California's Unfair Competition Law (UCL), deceptive advertising practices pursuant to California's False Advertising Law (FAL), and violations of the California Consumer Legal Remedies Act (CLRA).  These claims are subject to California's reasonable consumer standard.  *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023).  "[T]he reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003)).

We agree with the district court that the FAC does not plausibly allege Vi-

2

Jon's labels are deceptive to a reasonable consumer because its hand sanitizer does not kill 99.99% of all germs species commonly found on hands.  The front labels on Vi-Jon's products claim the hand sanitizer "KILLS 99.99% OF GERMS*."  Moreno alleges that this statement is false and misleading because there are numerous viruses and other pathogens commonly found on hands that the products do not kill.  We need not decide whether the front labels on their own would be deceptive because the statements on the front labels are followed by asterisks, and the matching asterisks appear on the back labels.  *See Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) (concluding that "the presence of an asterisk . . . puts a consumer on notice that there are qualifications or caveats" to a front-label claim).  The back labels clarify that the products are "*Effective at eliminating more than 99.99% of many common harmful germs and bacteria in as little as 15 seconds."[1]  Because the back labels narrow the products' claims to "*many* common harmful germs," reasonable consumers would not be deceived into believing that the products kill 99.99% of *all* germ species commonly found on hands, as Moreno contends.

However, we conclude the FAC plausibly alleges a narrow alternative theory

---

[1]  Some of the front labels are phrased "Kills more than 99.99% of germs*," and some of the back labels are phrased "*Effective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15 seconds." These minor differences are immaterial to this appeal.

of deceptiveness: that Vi-Jon's labels would deceive reasonable consumers into believing that the products are 99.99% effective under real-world conditions.[2] The FAC alleges that Vi-Jon "does not test its Products on human hands" and that "under actual consumer use conditions, instead of in a sterile laboratory environment, the Products are additionally ineffective, including where the hands of consumers are dirty, greasy, sweaty or wet." More specifically, the FAC further alleges that "[h]and sanitizers work by essentially breaking down the outer barrier of certain microbes in order to kill germs" and that "dirt, moisture or grime . . . act[] as a protective barrier and prevent[] the active ingredient in hand sanitizers from being able to reach the outer wall of microbes in order to kill them."[3]

Vi-Jon's back-label qualifier does not defeat Moreno's alternative theory

---

[2] We consider Moreno's alternative theory in addition to Moreno's primary theory because Moreno's opening brief recites allegations made in the district court that the product is "ineffective under actual use conditions," and argues that the district court erred by finding that reasonable consumers would understand that "hand sanitizers are not designed as complete substitutes to washing hands with soap and water." Vi-Jon's answering brief asserted that the FAC did not contain "a single, concrete factual allegation purporting to disprove the label's statement," and both parties addressed Moreno's alternative theory during oral argument. *See United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015), (noting the court's discretion to consider arguments not specifically and distinctly argued in the opening brief when there is no prejudice to the appellee), *aff'd*, 580 U.S. 39 (2016).

[3] Moreno's Second Amended Complaint contained a version of this theory, but that pleading failed to allege how Vi-Jon tests its products or why the products would be less effective if dirt or moisture are present.

because Moreno alleges the products are not 99.99% effective in real-world settings against all germs, including the "many common harmful germs" the products claim to kill. We cannot conclude at the pleading stage that reasonable consumers, who have "very little scientific background," *Brady v. Bayer Corp.*, 237 Cal. Rptr. 3d 683, 698 (Ct. App. 2018), would understand that hand sanitizer is less effective when used after a person engages in everyday activities. "[A]t a minimum, this is not one of the 'rare' cases in which dismissal is appropriate." *Whiteside*, 108 F.4th at 784.

The district court was understandably frustrated by Moreno's shifting theories of deceptiveness during this case's lengthy history, and we agree with the district court that Moreno's primary theory—that Vi-Jon's labels are deceptive because the products do not kill 99.99% of germ species commonly found on hands—cannot proceed. We conclude that the FAC states viable UCL, FAL, and CLRA claims only with respect to Moreno's alternative theory—that the labels are deceptive to a reasonable consumer because Vi-Jon's hand sanitizer is not 99.99% effective under real-world conditions, where dirt, grease, sweat, and moisture are present on hands.[4]

---

[4] Our dissenting colleague contends that plaintiff's alternative theory fails to meet the requirements of Federal Rule of Civil Procedure 9(b), but Vi-Jon did not raise this argument. **Dissent at [5].** Further, the FAC states specifically how and why the labels could mislead: because Vi-Jon does not test its products under the real-world conditions that can decrease the product's efficacy. *See*

2.      We also reverse the district court's order dismissing the FAC's express warranty and quasi-contract claims.  The district court dismissed these claims for the same reasons it dismissed Moreno's UCL, FAL, and CLRA claims. The FAC states a claim for breach of express warranty because it alleges that the products' labels constituted a "promise or a description of the goods," that Moreno purchased the products in reliance on the labels, and that "the warranty was breached" because the products did not kill 99.99% of germs under real-world conditions.  *Weinstat v. Dentsply Int'l, Inc.*, 103 Cal. Rptr. 3d 614, 626 (Ct. App. 2010) (internal quotation marks and citation omitted).  The FAC states a claim for unjust enrichment under a quasi-contract theory based on Vi-Jon's alleged retention of revenue generated "through 'false and misleading' labeling." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

**REVERSED AND REMANDED.**

---

*Whiteside*, 108 F.4th at 785–86.  Plaintiff's expert declaration squarely supports this claim.

*Anthony Moreno v. Vi-Jon, LLC*, No. 23-55631
VANDYKE, Circuit Judge, dissenting:

I agree with the majority that the back labels of Vi-Jon's hand sanitizers, which include additional clarifications set off by an asterisk, are sufficient to put a reasonable consumer "on notice that there are qualifications or caveats" to the claim on the front labels that the sanitizers "KILL[] 99% OF GERMS*." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024). Because the back label explains the sanitizers are "*[e]ffective at eliminating more than 99.99% of *many* common harmful germs," reasonable consumers would understand "99.99%" to mean the sanitizers kill 99.99% of the *population* of the "many" germ species they are effective against, not 99.99% of *all* germ species commonly found on hands. The majority is correct that "Moreno's primary theory … cannot proceed."

I cannot agree, however, with the majority's decision to breathe further life into Moreno's now-many-times-rejected complaint based on a supposed "narrow alternative theory" premised on Moreno's passing and conclusory allegations that Vi-Jon's sanitizers are "additionally ineffective" on "dirty, greasy, sweaty or wet" hands. As explained below, while Moreno's complaint does include allegations about dirty or greasy hands, those allegations are made in service of the primary theory of liability that the majority agrees "cannot proceed." Neither his pleadings in the district court nor his briefs before this court rely on such an alternative theory, and this court should not go out of its way to make such arguments on his behalf.

*United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

1.  At the outset, the majority's conclusion that Moreno's "greasy hands" allegations support an alternative theory of relief is wrong for two reasons: (1) it cherry picks from the Fourth Amended Complaint and (2) it is in any event belied by the procedural history of this case.  In a nearly three-hundred paragraph complaint, the majority's supposed theory relies on just four of those paragraphs, *see* ¶¶ 16, 23, 49, 50, which allege in essence that Vi-Jon relies solely on lab testing, not testing on human hands, to substantiate its claims even though "a significant number of microbes that would otherwise be killed by the Products in a laboratory setting are not killed … under real-world conditions."

Read in the broader context of the complaint, these allegations are best understood as supporting Moreno's arguments for why the labels falsely promise that Vi-Jon's sanitizers kill 99.99% of *all types* of germs found on hands.  Nowhere do the allegations make the distinction that the majority concedes a reasonable consumer would make—that Vi-Jon's "99.99%" claim refers to the population of a

subset of germ species instead of 99.99% of all germ species.[1]  Here, as in the rest of his complaint, Moreno's allegations are premised on the latter reading, and Moreno uses the allegations regarding the sanitizer's inefficacy on dirty or greasy hands as another reason *why* the sanitizers do not kill 99.99% of all germ species. They do not support a separate theory that Vi-Jon's labels are misleading because its sanitizers fail to kill 99.99% of the population of each of the "many" species they are effective against for the simple reason that Moreno never made such a claim.

For further proof that the live pleading does not contain the "alternative theory" identified by the majority, consider how the Fourth Amended Complaint compares to Moreno's prior allegation that "the Products may be 'additionally ineffective, *even against "germs" that they would otherwise kill'* where they are not properly applied." *Moreno v. Vi-Jon, LLC*, No. 20-cv-1446, 2021 WL 5771229, at *7 (S.D. Cal. Dec. 6, 2021) (emphasis added).  Unlike the Fourth Amended Complaint, which focuses more generally on the "significant number of microbes that would otherwise be killed," the above-quoted allegation recognizes the distinction between all germs and those germs the sanitizers are effective against.  If Moreno's current allegations made such a distinction, then perhaps the "alternative theory" proposed by the majority might find some support in the Fourth Amended Complaint.  But Moreno

---

[1] Indeed, Moreno's failure to do so is unsurprising, given that such a distinction would be facially inconsistent with his argument that a reasonable consumer would understand Vi-Jon's labels to refer to all germ species commonly found on hands.

3

removed any language to that effect after the district court rejected it as inconsistent with the "common sense" a reasonable consumer would use when examining the product. *See id.* (order dismissing Moreno's Second Amended Complaint).

For these reasons, there is no reason to think that Moreno intended to plead the "alternative theory" the majority now generously ascribes to his Fourth Amended Complaint. No such theory exists therein. Unsurprisingly, the district court's order dismissing the Fourth Amended Complaint never mentioned such a theory or even considered Moreno's "greasy hands" allegations as a separate claim, and the parties' briefing on the motion mentioned them only in passing. In short, the majority is forcing a tiny tail to wag a dead dog, and I would not force the district court to consider a phantom theory of relief pieced together from a few stray remarks in a lengthy complaint that it has in any event already rejected when granting a prior motion to dismiss.

2. Even if one were inclined to characterize Moreno's "greasy hands" allegations as a well-pleaded alternative theory of deceptiveness, Moreno's briefing before this court does not seriously rely on such allegations. His opening brief nowhere mentions the effect that dirty, greasy, or unclean hands have on the efficacy of Vi-Jon's sanitizers. It cites the relevant paragraphs of the Fourth Amended Complaint only a few times, and even then never for the proposition that the sanitizers are less effective than usual when applied to dirty or greasy hands.

Moreno's reply brief mentions the argument barely in passing. In fact, it was not until oral argument, in response to a specific line of questioning from the court, that Moreno ever addressed the so-called "greasy hands" theory at any length.[2] For these reasons, even if such a separate theory even existed, Moreno waived any reliance on it by failing to adequately argue it at any time before oral argument. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim ….") (internal citations omitted); *see also Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022).

3. Finally, even if Moreno had presented this alternative theory in his complaint and adequately preserved it before this court, such claims sound in fraud, meaning he must comply with Federal Rule of Civil Procedure 9(b)'s requirement to "state with particularity" "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (citation omitted).[3] The meager and conclusory factual

---

[2] *See* Oral Argument at 11:00, *Anthony Moreno v. Vi-Jon, LLC* (No. 23-55631), https://www.youtube.com/watch?v=Jv2KaHVpGa8.

[3] The majority faults Vi-Jon for failing to raise any argument about Rule 9(b)'s specificity requirements, but Vi-Jon's failure to do so is no doubt because this "alternative argument" was neither adequately presented by the complaint nor

5

allegations the majority relies on to support any such claim do not meet this high standard.

To the extent Moreno alleges an alternative theory, his Fourth Amended Complaint is particularly deficient in its attempts to explain why it was false or misleading for Vi-Jon to claim that its sanitizers kill 99.99% of the population of the species it is effective against. In a nearly forty-page Fourth Amended Complaint, the only explanation given is the following conclusory statement: "The presence of dirt, moisture or grime on hands, however, acts as a protective barrier and prevents the active ingredient in hand sanitizers from being able to reach the outer wall of microbes in order to kill them."

Counsel represented at oral argument that this assertion was "supported by the scientific declaration" Moreno submitted.[4] But while Moreno cites the expert report to support other allegations in his complaint, the relevant paragraphs (¶¶ 16, 23, 49, 50) are noticeably devoid of any accompanying citation to that effect.[5] Thus, even

---

sufficiently argued in Moreno's briefs. Vi-Jon should not be faulted for failing to respond to phantom arguments that Moreno never adequately presented.

[4] *See* Oral Argument at 11:55, *Anthony Moreno v. Vi-Jon, LLC* (No. 23-55631), https://www.youtube.com/watch?v=Jv2KaHVpGa8.

[5] Whether or not the majority is correct that "[p]laintiff's expert declaration squarely supports" the alternative theory, if Moreno's expert had actually intended to support the alternative argument the majority now attributes to him, presumably Moreno would have explicitly pointed that out at some point. That he did not is telling evidence that the majority is improperly "manufactur[ing] arguments for" Moreno.

if the majority's "narrow alternative theory" were properly presented to us, the only allegation supporting that theory is one meager and unsupported claim about the general effect that hand dirt and grease has on sanitizers, and I would therefore dismiss it for failure to allege facts sufficient to meet "Rule 9(b)'s heightened pleading standards." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

\* \* \*

Between the district court's repeated orders granting leave to amend and this court's prior memorandum disposition directing the same, Moreno has now had several years and four different opportunities to amend his complaint to correct the deficiencies with his allegations. At each opportunity, he has failed to do so. I would not reinvigorate this case by vivifying conclusory factual allegations that the district court long ago deemed insufficient to state a claim, so I respectfully dissent from the majority's decision to reverse and remand for still further proceedings on that issue.

---

*Greenwood*, 28 F.3d at 977. At the very least, I would have expected Moreno to have cited those portions of the expert report that allegedly supported the conclusory allegations in ¶¶ 16, 23, 49, and 50, especially because he repeatedly pin cites the expert report elsewhere in the complaint.