NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM D. DUNNE, | No. 21-56254 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-09728-MWF-JC |
| and | |
| THOMAS RICHARD FARRUGIA, | MEMORANDUM* |
| Petitioner, | |
| v. | |
| ELISEO RICOLCOL, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 20, 2024
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

Petitioner William Dunne appeals the district court's dismissal of his

Petition for Relief in the Nature of Mandamus ("Petition") for lack of subject

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

matter jurisdiction. The Petition, which invoked both the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., challenged the Administrative Remedy Program at Federal Correctional Institution I in Victorville ("FCI-1"). We review "de novo a dismissal for lack of subject matter jurisdiction." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). We reverse in part the district court's dismissal and remand.

1. Although Dunne has standing to challenge the one-at-a-time policy under section 706(2) of the APA, he may lack standing to bring some or all of his other claims under sections 706(1) and 706(2) of the APA. "[T]o establish standing, a plaintiff must show . . . that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Here, we cannot determine from the existing record whether Dunne has suffered an injury in fact as to any of his claims, other than his challenge to the one-at-a-time policy. In particular, it remains unclear what, if anything, would have been different had Dunne received formal denials of his administrative requests. It also remains unclear what, if anything, would have been different if the denials that Dunne received with what he alleges were improper or arbitrary reasons had instead proceeded under FCI-1's administrative remedy program. We thus remand for the district court to determine which claims Dunne has standing to bring under APA §§ 706(1) and 706(2), following any necessary

2

jurisdictional discovery.

2. The court has subject matter jurisdiction under 28 U.S.C. § 1331 to hear any of Dunne's APA claims for which he has standing. Unless another federal statute precludes review, 28 U.S.C. § 1331 confers jurisdiction over APA challenges because they arise under federal law. *Parola v. Weinberger*, 848 F.2d 956, 958 (9th Cir. 1988). Here, Dunne brings APA challenges arising under federal law because he challenges the prison's policies and practices as inconsistent with 28 C.F.R. § 542.10 et seq. under APA § 706(1) and APA § 706(2) and as arbitrary and capricious under APA § 706(2). We thus remand to the district court to address in the first instance the merits of any APA claims for which Dunne has standing.

3. Dunne is not entitled to relief under the Mandamus Act. "Because mandamus relief and relief under the APA are in essence the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, we may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (citation and internal quotation marks omitted). Here, because Dunne seeks relief under the Mandamus Act and the APA, and because there would be an adequate remedy under the APA for any claims determined to have merit, we affirm the district court's dismissal of Dunne's claims under the Mandamus Act.

3

**REVERSED IN PART** and **REMANDED**.