NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZHIWEI CHEN,

Plaintiff - Appellant,

v.

MARKWAYNE MULLIN, Secretary of the DHS; JOSEPH B. EDLOW, Director of USCIS; DAVID RADEL, Director of the Los Angeles Asylum Office,

Defendants - Appellees.

No. 24-5014

D.C. No. 2:24-cv-01398-DSF-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 22, 2026**

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Zhiwei Chen appeals pro se from the district court's order dismissing

without prejudice his Administrative Procedure Act ("APA") action alleging

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unreasonably delay in the adjudication of his asylum application. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Chen's APA claim because Chen failed to allege facts sufficient to show that the delay was unreasonable. *See Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (setting forth factors to determine if an agency action is unreasonably delayed).

The district court properly dismissed Chen's claim under the Mandamus Act because it sought the same relief as Chen's APA claim. *See id.* at 1135 (noting that "[b]ecause mandamus relief and relief under the APA are in essence the same," the court "may elect to analyze the APA claim only" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Chen's complaint without leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

All pending motions and requests are denied.

**AFFIRMED.**

24-5014